IN THE CIRCUIT COURT OF THE 19TH

JUDICIAL CIRCUIT, IN AND FOR INDIAN

RIVER COUNTY, FLORIDA

ANTHONY THARPE

Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC

Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO. *13-cv-14379-DLG*

FILED by _____ D.C.

APR 2 0 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## AMENDED COMPLAINT

The Plaintiff Anthony Tharpe, sues the Defendant/s named in the Caption hereof and alleges;

### COUNT 1.

### Violation of the Fair Debt Collections Practices Act [ FDCPA ]

Plaintiff's legal rights are being abused and violated by Defendant/s actions under Multiple Subdivisions of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. Subdivision 1692-1692p. which offer protection from illegal acts from Creditors and Debt Collectors against Consumers.

The Defendant is being sued for each count of the Act which has been specifically Pleaded in this  Amended Complaint and case laws in support of this Amended Complaint are attached hereto as Exhibit # 1. See **Exhibit -1 attached**.

1

**Background to this Action:-**

This Complaint Follows the Eleventh Circuit July 18th 2012 and its May 2012 Published Decision; Reese V. Ellis, Painter, Ratteerree $Adams, LLP,678 F.3d 1211(11[th] Cir. 2012); in which the Court made clear that;

      1)  Businesses involved in enforcing security interest can also constitute "Debt Collectors" subject to the entire FDCPA if they regularly collect or attempt to collect debts, and,

      2)  Demanding payment of Money qualifies as debt collections subject to the FDCPA even if the demand also relates to enforcement of a security interest.

The Plaintiff, Anthony Tharpe, does not owe the alleged Debt which Nationstar and its predecessors have attempted to collect from him for the last 7 years. The Plaintiff is not party to any Mortgage or Note related to any debt either.

The Plaintiff was summoned by Nationstar to a deposition of the property owner, where Nationstar alleged that he personally owed an outstanding balance on a delinquent Mortgage and Note. Nationstar also produced a Note and Mortgage purportedly signed by the Plaintiff.

The Plaintiff then and there at the Deposition denied the Debt at issue. Subsequent to that communication at the Deposition about this alleged debt, the Plaintiff, took it upon himself to provide Nationstar with verifiable documentation that he did not owe the debt and he could not have owed the debt because at the time the alleged debt was formed, the Plaintiff was hundreds of miles away in the Caribbean or Business.

Following the Deposition the Property owner filed for Chapter 13 protection and the Case was closed by the State Court.

During this period, when the case was closed and Nationstar had withdrawn its complaint about the Debt Nationstar attempted to collect from the Plaintiff, the Plaintiff communicated to Nationstar again disputing the debt.

Nationstar ignored the Plaintiff's notice and filed to validate the debt as required under the FDCPA.

The Plaintiff also notified Nationstar that the documents which they had produced alleging that the Plaintiff had signed,were fraudulent. Nationstar has not provided any proof that the documents have been validated or authenticated as is required under the FDCPA.

When Nationstar failed to validate the disputed debt and did not stop to prove that it investigated to prove that the Debt was not fraudulent, the Plaintiff proceeded to file the Captioned Complaint.

The Filing of this Action took place and effect when there was no foreclosure action being pursued in State Court by the Defendant since the Case was then closed.

The Demand for validation as well as the Dispute of the Debt was also done when the State Court action; the case, previously filed by Nationstar was legally Closed.

 It was subsequent to  the Plaintiff filing this Complaint, that Nationstar again began its collection efforts against the Plaintiff without providing the FDCPA required notices, in violation of the FDCPA.

AND THE PLAINTIFF STATES;

1.  Defendant sent no form of correspondence regarding the debt such a standard demand/ Dunnings or required Notices / letter to the Plaintiff even after the Plaintiff informed Nationstar that the Debt was disputed.

2.  **Defendant therefore violated the Plaintiffs Rights under FDCPA "§ 809. Validation of debts** (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—"

3.  Defendant by attempting to collect a debt for its third party client by even if by means of filing a law suit, is legally defined as a DEBT COLLECTOR, "The term "debt collector" **means any person** who uses any instrumentality of interstate ......**who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.** The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

4.  That rule has been upheld by the Decision of " the Eleventh Circuit July 18th 2012 and its May 2012 Published Decision; Reese V. Ellis, Painter, Ratteerree $Adams, LLP,678 F.3d 1211(11th Cir. 2012).

5.   Since the filing of this Complaint, the Defendant has renewed and now continues and is still engaged in illegal abusive deceptive debt collection activity against the Plaintiff.

6.  Because of the regularity and the thousands of collections of debt from thousands of consumers by Defendant the Defendant, is indeed a Debt Collector under the FDCPA.

7.  Defendant IS THEREFORE REGULATED AND SUBJECT TO BOTH U.S. Federal Laws and Statutes and the State laws of Florida which are relevant to the regulation of debt collection efforts, process, industry and consumer protection.

8.  The actions taken against Plaintiff in attempting to collect on a debt not belonging to Plaintiff from Plaintiff is both fraudulent and illegal and violates the FDCPA.

9.  Plaintiff does not legally owe Defendant any money or debt whatsoever.

10. There was no formal or contract agreement for the Plaintiff to personally owe a debt to the Defendant as aforementioned..

11. The title to the property and therefore its legal control DOES NOT belongs to Plaintiff .

12. The entitlement of the property; the home, furniture, fittings, are  NOT OWNED by Plaintiff's even though they qualify as a consumer product making any debt associated a consumer debt subjecting the debt collector to the provisions of the FDCPA.

13. Even if the Plaintiff was being held liable for the alleged debt; because of the fact that this particular debt is subject to an expiration of the statute of limitation.(SOL); the debt is a "time-barred debts." The debt is subject to the provisions of the FDCPA.

14. The FDCPA makes it clear that a debt collector or even a creditor, attempting to collect a debt or even if attempting to enforce a security interest is forbidden from filing legal actions to collect a time barred debt. NATIONSTAR HAS THEREFORE violated FDCPA.

15. The Defendant was also notified of the expiration of the Statute of limitation (SOL) of the alleged Debt being claimed.

16. On investigating by the Plaintiff of the alleged debt at issue, the Plaintiff discovered that the alleged original debt was never recorded or registered in any public records anywhere in the U.S.A. and Still remains unregistered.  This clearly means that if indeed there was a debt

outstanding debt it would legally be an unsecured debt and was not used to secure the, a, or any property belonging to the Plaintiff.

17. The Allegation by Nationstar that it is attempting to enforce a security interest by filing a claim, is therefore fraud on the court and a deceptive action on the part of Nationstar, subjecting it to the Plaintiff's complaint.

18. The alleged original debt was not recorded as a mortgage / or Note against the property.

19. Plaintiff inform Defendant of the expiration of the SOL upon discovering collections efforts by the Defendants had again begun.

20. Defendant is still pursuing collections efforts in spite of the notices as well as with actions which can legally be construed as a violation of BOTH Federal and State of Florida consumer protection laws and statutes.

21. Plaintiff received no response to the Notices of the disputed debt sent to the Defendant.

22. The continued resultant collections efforts by Defendant are in violation of the Fair Debt Collections Practices Act (FDCPA), 15U.S.C. Subdivision 1692g, subsection (a):- 1, 2, 3, 4, 5; subsection (b), ( c ), (d), (e).

23. Plaintiff received no response whatsoever to the Notices to the Defendants to date.

24. Plaintiff has never signed any loan agreements or given any mortgage in exchange for a loan to Defendant/s or Defendant' agents or Defendant's Clients.

25. Plaintiff has never given a personal guarantee to Defendants or Defendant's agents for any loan or extended credit whatsoever.

26. Alternatively any original alleged Debt would be AN UNSECURED Debt governed by FDCPA, subsection 811. Legal actions by debt collectors; 15 USC 1692i. As well as laws both U.S. Federal and State of Florida DEALING WITH DECEPTIVE, and  ILLEGAL ACTS BY Creditors...

**27. Both State and Federal consumer protection laws make it illegal for a Debt collectors or Creditor to attempt collecting on a non-existing debt from a consumer.**

**28. The debt only has to be alleged, not real, for the statute to take effect once a debt collector attempts to collect on that none existing debt.**

**29. A debt technically is uncollectible once the SOL expires which legally and technically eliminates the efforts of the debt collector.**

**30. Plaintiff is a consumer and Defendants have violated state and Federal consumer protection laws and statute by their actions even if the debt was once contractually owed by the Plaintiff or owed by another party.**

31. Actions and Attempts to collect the Debt from Plaintiff in light of the fact that the SOL (Statute of Limitation) has expired is in breach of both State and Federal laws and statutes.

**32. There is no loan agreement pertaining to this debt, yet**

**33. Defendant/s has attempted and is attempting to collect on the debt**

**34. The Plaintiff does not own any property  which was used to secure the alleged debt or the debt at issue.**

**35. The** "time-barred debts." Is not and was not at any material time secured by the Property or furniture in question.

**36. Defendant is therefore in breach of FDCPA; § 811. Legal actions by debt collectors**

37. Both Plaintiff and Defendant/s by Statute fall under and are subject to the Jurisdiction of this Honorable Court; Section **I: General Statutes & Rules 48.193 Acts Subjecting Person to Jurisdiction of Courts of State.**

**WHEREFORE,** Plaintiff demands a Jury Trial in order for this court to find Defendant in breach of the  aforementioned Act and laws protecting consumers and or individuals from illegal Collection acts, subject Defendants to Statutory and mandatory remedies for the violation of Plaintiffs rights under the consumer protection act of the Federal Fair Debt Collections Practices Act (FDCPA), 15U.S.C. Subdivision 1692-1692p. Regardless of whether Plaintiff is aware of these acts, other existing laws and or statutes and damages.

**And the Plaintiff Prays';**

The Plaintiff Prays;

    I.    That the Court sanctions Nationstar from further filing or use of the fraudulent documents against the Plaintiff.

    II.    Grant an Order Directing all relevant governmental, State and Federal Municipalities to remove all fraudulent recorded documents from their records as

well as titles and deeds to the property the subject of the Fraudulent Note and Mortgage of this Action.

III.    Damages for violation of the Plaintiff's rights under the FDCPA.

IV.    Punitive Damages.

V.    Damages for Mental and emotional Stress

Filed By Anthony Tharpe [Plaintiff]

Anthony Tharpe [Plaintiff]

Address for Service to Plaintiff is :

        P.O. Box 700840

        Wabasso, Florida 32970.

        561.829.3559.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Talina Bidwell;C/O BROAD AND CASSEL, One North Clematis St. Suite 500, West Palm Beach FL. 33401.

Anthony Tharpe

7

# EXHIBIT # 1

RECENT FAIR DEBT COLLECTION

PRACTICES ACT CASE SUMMARIES,

*by*

*Rand Bragg, Joanne Faulkner,*

*Robert Hobbs, Richard Rubin*

FDCPA COVERAGE

EXHIBIT # 1; page 1.

(a) Debt," 15 U.S.C. § 1692a(5) General Principles *Fausto v. Credigy Serv. Corp.,* 598 F. Supp. 2d 1049 (N.D. Cal. 2009). Debt collector argued there was no debt covered by the FDCPA because the consumer claimed the debt had been paid off. Because a FDCPA "debt" includes an "alleged debt" and the collector had tried to get the consumer to pay the debt, the debt collector's motion for summary judgment was denied.

(b) American Mgmt. Consultant, L.L.C. Carter, 915 N.E.2d 411 (111. App. Ct. 2009). FDCPA applied to forcible entry and detainer action that also sought back rent.

**Consumer debts covered.**

(c) Kawa v. U.S. Bank, NA, 2009 WL 700593 (D. Neb. Mar. 13, 2009). The complaint sufficiently alleged a possible consumer purpose for the underlying debts to require the court to deny the defendants' motion to dismiss the FDCPA claim, since "at this point in

the proceedings, the Court cannot definitively say that the extensions of credit were primarily commercial in nature."

(d)  Retained Realty, Inc. v. Spitzer, 643 F. Supp. 2d 228 (D. Conn. 2009). In this non-FDCPA case, where the court cited the FDCPA and other federal consumer protection for guidance, the court held that the phrase "personal, family, or household purposes" in the state statute under scrutiny applied to the debtor's mortgage incurred for the benefit of his cousin to permit her to remain living in her home.

(e)  Matmanivong v. Uniffind CCR Partners, 2009 WL 1181529 (N.D. 111. Apr. 28, 2009). A debt collector violated the FDCPA where it did not own the debt but nonetheless filed collection suits misrepresenting that it was an assignee of that debt.

**Coverage of Specific Types of Collectors Attorneys**

(f)  Johnson v. Wilshire Credit Corp., 2009 WL 559950 (E.D. Tenn. Mar. 5, 2009). The defendant mortgage holder and its servicer qualified as FDCPA debt collectors since the plaintiff alleged that they obtained the mortgage after default and then sought to collect payments.

(g)  Miller v. Midland Credit Mgmt., Inc., 621 F. Supp. 2d 621 (N.D. Ill. 2009). Defendant Encore Capital Group, Inc. was an FDCPA "debt collector" liable for the § 1692e(5) violation since it was the holding company that purchased the subject bad debts and owned the subject accounts.

(h)  Moses v. The Law Office of Harrison Ross Byck, 2009 WL 2411085 (M.D. Pa. Aug. 4, 2009). An entity acquiring a debt in default is not a "creditor;" thus, CACH, L.L.C. fit within the definition of "debt collector" for the purpose of the FDCPA.

# Creditor covered

(i)  *Pickering v. Coast Ctr .lor Orthopedic Arthroscopic Surgery & Treatment,* 2009 WL 932629 (Cal. Ct. App. Apr. 8, 2009) (unpublished). FDCPA jury verdict against medical services provider (Coast) was affirmed over its objections that it is an exempt creditor collecting its own debt; court held that the evidence "permit[ed] a reasonable jury to conclude that Coast used Lake Valley [its collection agent] as a mere surrogate in attempting to collect more than it was entitled to under the Contract for the surgical services and thus that Coast qualified as a 'debt collector'" under the § 1692a(6) false

name exception.

(j) Pickering v. Coast Ctr .lor Orthopedic Arthroscopic Surgery & Treatment, 2009 WL 932629 (Cal. Ct. App. Apr. 8, 2009) (unpublished). FDCPA jury verdict against medical services provider (Coast) was affirmed over its objections that it is an exempt creditor collecting its own debt; court held that the evidence "permit[ed] a reasonable jury to conclude that Coast used Lake Valley [its collection agent] as a mere surrogate in attempting to collect more than it was entitled to under the Contract for the surgical services and thus that Coast qualified as a 'debt collector' under the § 1692a(6) false name exception.

# Employees

(k) Robinson v. Managed Accounts Receivables Corp., [rule] F. Supp. 2d [rule], 2009 WL 2500571 (C.D. Cal. Aug. 4, 2009). Employees of a debt collection organization may be "debt collectors" under the FDCPA and held personally liable for acts committed during the scope of their employment.

# Debts assigned before default, 15 U.S.C. § 1692a(6)(F)(iii) [See also K.1.2.2.6, Debt buyers

(l) Johnson v. AmeriCredit Fin. Services, Inc., 2009 WL 2929396 (M.D. Tenn. Sept. 8, 2009). Where the consumer stopped payment on her down payment check because of alleged fraud by the car dealer and tried to cancel her car purchase with the seller shortly after the sale, and where the record was silent as to the precise time when the installment contract was assigned to its pre-arranged assignee, the assignee's motion for summary judgment because it purportedly was an exempt creditor was denied, since "a genuine issue of material fact exists as to whether the Plaintiff was in default when AmeriCredit was assigned the loan.

(m) Johnson v. Wilshire Credit Corp., 2009 WL 559950 (E.D. Tenn. Mar. 5, 2009). The defendant mortgage holder and its servicer qualified as covered FDCPA debt collectors, since the plaintiff alleged that they obtained the mortgage after default and then sought to collect payments.

(n) North Star Capital Acquisitions, L.L.C. v. Krig, 611 F. Supp. 2d 1324 (M.D. Fla. 2009). North Star Capital Acquisitions, which acquired the debt after it had become delinquent, was a "debt collector" under the FDCPA.

# Persons Protected; Standing Issues

(o) Johnson v. Bullhead Invts., LLC, 2010 WL 118274 (M.D.N.C. Jan. 11, 2010). The consumer plaintiff, a person with a name similar to the actual debtor, who was served with the actual debtor's state court collection suit even after she notified the collector of the mistaken identity and who incurred attorney's fees in having the collection case dismissed against her and incurred other actual damages as a result of the debt collector's collection efforts, had standing to assert the resulting FDCPA violations.

(p) Midland Funding L.L.C. v. Stowe, 2009 WL 5258458 (Ohio Dec. 23, 2009). Reversing the trial court's dismissal of the consumer's FDCPA counterclaim because the consumer lacked standing once he denied the collection complaint allegations that he was the subject debtor, the appellate court held that the FDCPA conveyed standing "for a consumer in Stowe's position, i.e., one who was wrongfully sued for a debt he did not owe" since "the term 'consumer' meant any natural person obligated or allegedly obligated to pay any debt."

(q) Carter v. Countrywide Home Loans, Inc., 2009 WL 2742560 (E.D. Va. Aug. 25, 2009). Even though the plaintiff had not signed the note or the related loan modification agreement, he would be still protected as "consumer" under 15 U.S.C. § 1692c.

(r) Drossin v. National Action Fin. Services, Inc., 255 F.R.D. 608 (S.D. Fla. 2009). Plaintiff, who received an initial prerecorded telephone message from the debt collector and then a letter from the same entity stating that she owed a debt, had standing to assert FDCPA claims arising from the telephone message that was allegedly intended for another person with the same last name as plaintiff The FDCPA is broadly written to provide standing to "any person" and should be liberally construed to protect "alleged" debtors.

(s) Lemire v. Wolpoll & Abramson, L.L.P., 256 F.R.D. 321 (D. Conn. 2009). In granting class certification, court observed "[t]he legal convention that communications with a represented party's attorney are tantamount to communications with the party herself..." "[I]n the context of this strict liability statute, the Second Circuit does not require the consumer to demonstrate damages in order to have an `injury' that suffices to establish standing to sue under the FDCPA."

11

# Communications Covered

(t)  Donohue v. Quick Collect, Inc., 2010 WL 103653 (9th Cir. Jan. 13, 2010). "[A] complaint served directly on a consumer to facilitate debtcollection efforts is a communication subject to the requirements of §§ 1692e and 1692E"

(u)  Grden v. Leikin, higher & Winters, P.C., 2010 WL 199947 (E.D.Mich. Jan. 19, 2010)."[A]ffidavits attached to state-court complaints are communications governed by the FDCPA." The collector's misstatement of the amount of the debt communicated in response to the consumer's direct inquiry was not made "in connection with the collection of the consumer's debt and thus did not violate § 1692e(2)(A) where the collector did not demand payment, did not imply that the consumer was in default, and did not "allude to the consequences of default."

(v)  Inman v. NCO Fin. Sys., Inc. 2009 WL 3415281 (F.D. Pa. Oct. 21, 2009). Followed Foil,holding prerecorded messages left on an answering machine were communications. Kline v. Mortgage Elec. Sec

(w) Lemire v. Wolpolf & Abramson, L.L.P., 256 F.R.D. 321 (D. Conn. Mar. 31, 2009). In granting class certification, court observed "[t]he legal convention that communications with a represented party's attorney are tantamount to communications with the party herself ..."

(x)  Mark v. J.C. Christensen & Associates, Inc., 2009 WL 2407700 (D. Minn. Aug. 4, 2009). Messages left by the debt collector on the consumer's answering machine are "communications" under the FDCPA.

(y)  Matmanivong v. Unifund CCR Partners, 2009 WL 1181529 (N.D. Ill. Apr. 28, 2009). Communications to lawyers and the court are subject to § 1692e of the FDCPA just like communications to consumers. an exhibit, because such false statements are not immunized by the petition clause.

(z)  Ruth v. Triumph P 'ships, 577 F.3d 79 (7th Cir. 2009). The FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable here respective of their intentions.

Boyko v. Am. Intern. Group, Inc., 2009 WL 5194431 (D.N.J. Dec. 23, 2009). The FDCPA is generally a strict liability statute and does not require proof of actual damages to support a claim.

Costa v. National Action Fin. Services, 634
F. Supp. 2d 1069 (ED. Cal. 2007). Telephone messages
left by a debt collector are "communications"
subject to the FDCPA

Capital Credit & Collection Serv., Inc. v.
Armani, 206 P.3d 1114 (Or. Ct. App. 2009). A
"false, deceptive, or misleading representation or
means in connection with the collection of any debt"
under § 1692e includes communications by the debt
collector to the debtor's attorney, since the FDCPA
applies to direct and indirect collection efforts.

Sparks v. Phillips & Cohen Associates, Ltd.,
641 F. Supp. 2d 1234 (S.D. Ala. 2008). The debt
collector's alleged contacts with the deceased
debtor's daughter, the daughter's employer, and the
employer's daughter in an attempt to determine the
proper person to contact to obtain payment from the
deceased debtor's estate were all made "in connection
with the collection of a debt."

# Interpretation of FDCPA

Pollock v. Bay Area Credit Serv., L.L.C.,
2009 WL 2475167 (S.D. Fla. Aug. 13, 2009).
FDCPA is a strict liability statute, so the consumer
need not show that the violation was intentional.

Reyes v. Kenosian & Miele, L.L.P., 619 F.
Supp. 2d 796 (N.D. Cal. 2008) Contents of state court
complaint are subject to the FDCPA.

# Harassment or Abuse, 15 U.S.C. § 1692d. Abusive Language, 15 U.S.C. §1692d(2)

Basinger-Lopez v. Tracy Paul & Associates,
2009 WL 1948832 (N.D. Cal. July 6, 2009). Default
judgment entered on well pleaded facts showing that
the defendants engaged in a campaign of unlawful
harassment, threats, misrepresentations, and other

misconduct in violation of multiple FDCPA provisions: "Defendant made repeated threats against Plaintiff to sue her, made abusive accusations and threatened to embarrass her by disclosing the debt to her family, neighbors and employer. In addition, Defendant persisted in contacting her even after being expressly instructed not to do so, and failed to provide Plaintiff with any of the notices required by law."Repeated or Continuous Telephone

Puttner v. Debt Consultants ofAm., 2009 WL 1604570 (S.D. Cal. June 4, 2009). The complaint stated a claim for relief by alleging that the defendant's collectors called the consumer without providing meaningful disclosure of their identity.

Sparks v. Phillips & Cohen Associates, Ltd., 641 F. Supp. 2d 1234 (S.D. Ala. 2008). "A debt collector's failure to identify herself as such in communications relating to the collection of a debt [is]... a per se violation" of § 1692d(6).

Other harassment issues
Kaniewski v. Nat'l. Action Fin. Servs., 2009 WL 5166209 (E.D.Mich. Dec. 17, 2009). One who knows that he is not alleged to owe the debt is not a "consumer" and does not have standing to bring claims under §§1692e and g, but does have standing as "any person" to bring claims pursuant to § 1692d.

Carter v. Countrywide Home Loans, Inc., 2009 WL 2742560 (E.D. Va. Aug. 25, 2009). Even though the plaintiff had not signed the agreement, he would be still covered as "consumer" under 15 U.S.C. § 1692d.
Neill v. Bullseye Collection

# False or Misleading Representations, 15 U.S.C. § 1692e
# Least Sophisticated Consumer and Other General Standards.

## Providing 15 U.S.C. § 1692e(11) Notices

Sanz v. Fernandez, 633 F. Supp. 2d 1356
(S.D. Fla. 2009). Allegations that the defendants
were debt collectors who failed to make the §§
1692e(11) and 1692g(a) disclosures stated a claim for
Relief

 Wideman v. Monterey Fin. Services, Inc.,
2009 WL 1292830 (W.D. Pa. May 7, 2009). The
collector conceded that the allegation that it sent the
consumer emails that did not identify itself as a debt
collector stated a claim for violating § 1692e(11).
Costa v. National Action Fin. Services, 634

Gilmore v. Ace. Mgmt., Inc., 2009 WL
2848278 (N.D. Ga. Apr. 27, 2009). Accepting plaintiff
s alleged facts as true, court concluded that plaintiff
owed no debt to defendant and therefore defendant's
representations to both plaintiff and the credit
reporting agencies that the debt was $1010, or double
the amount owed that it previously asserted, would
have violated § 1692e(2)(A).

Leone v. Ashwood Fin., Inc., 257 F.R.D. 343
(E.D.N.Y. 2009). The defendant's letter was misleading
when it represented that the debts were "assigned
to Ashwood Financial," when, apparently, no
written assignments had been made.

Sanchez v. United Collection Bureau, Inc.,
649 F. Supp. 2d 1374 (N.D. Ga. 2009). Summary
judgment for the defendant where the plaintiff failed
to meet her burden to produce any evidence to support
her alleged § 1692e(2)(A) violation that the collector
misrepresented the amount of the debt:

15

# False Representation of Character or Legal Status of the Debt, 15 U.S.C. § 1692e(2)(A)

Midland Funding L.L.C. v. Brent, 644 F. Supp. 2d 961 (N.D. Ohio 2009). "The contents of the affidavit itself, and in particular the fact that the affiant allegedly had personal knowledge that the debt was valid, would effectively serve to validate the debt to the reader, whether that was [the consumer] or a court." Therefore, the affidavit was false, deceptive, and misleading in its use in conjunction with an attempt to collect a debt, and the debt collectors have violated FDCPA § 1692e.
Reed v. Pinnacle Cr


Matmanivong v. Unifiind CCR Partners, 2009 WL 1181529 (N.D. 111. Apr. 28, 2009). A debt collector violated the FDCPA where it did not own the debt but nonetheless filed collection suits misrepresenting that it was an assignee of that debt.
Meroney v. Pharia, L.L. C., 2009 WL 3378416 (N.D. Tex. Oct. 19, 2009). FDCPA complaint


Capital Credit & Collection Set-v., Inc. v. Armani, 206 P.3d 1114 (Or. Ct. App. 2009). Jury could properly conclude that litigation after reaching a settlement agreement violated § 1692e

Kirk v. Gobel, 622 F. Supp. 2d 1039 (E.D. Wash. 2009). The defendant collection lawyer violated § 1692e when he sought and received a default judgment in state court that included attorney fees that were prohibited under applicable state law and §§ 1692e(2)(B) and 1692f(1) by requesting service of process fees that were prohibited by applicable state law since the process server was unregistered

# Time-Barred Debts

Herkert v. MRC' Receivables Corp., 655 F.
Supp. 2d 870 (N.D. Ill. 2009). Filing or threatening
to tile suits to collect a time-barred credit card debt,
time-barred under the Illinois statute of limitations
for unwritten contracts, violates the FDCPA.

Midland Funding L.L.C. v. Brent, 644 F.
Supp. 2d 961 (N.D. Ohio 2009). With regard to the
Sixth Circuit's materiality standard, "The contents of
the affidavit itself, and in particular the fact that the
affiant allegedly had personal knowledge that the
debt was valid, would effectively serve to validate the
debt to the reader, whether that was [the consumer]
or a court." Therefore, the affidavit was false, deceptive,
and misleading in its use in conjunction with an
attempt to collect a debt, and the debt collectors have
violated FDCPA § 1692e.
Mushinsk-y v. Nelson, Watson

Johnson v. Bullhead Invts., LLC, 2010 WL
118274 (M.D.N.C. Jan. 11, 2010). The Consumer
stated a claim for relief for violations of § 1692f as a
result of the debt collector's persistent collection efforts
that she pay a debt that she did not owe and that
were directed at her as a result of mistaken identity.

Cat-ter v. C'ountrywide Home Loans, Inc.,
2009 WL 2742560 (E.D. Va. Aug. 25, 2009). The
court erroneously held that where the plaintiff husband
had not signed the mortgage agreement and was
not alleged to be obligated he would not be protected
as a "consumer" under § 1692f. The court failed to
note only subsections 1692f(7) and (8) were limited
to consumers with the rest of § 1692 more broadly
applicable.

Carrizosa v. Stassinos, 2010 WL 144807
(N.D.Cal. Jan. 10, 2010). Summary judgment granted

on the consumers' § 1692f(1) claim where the debt
collector attempted to collect both prejudgment interest
and treble damages when state law prohibited the
collection of both amounts.

FDCPA."
Scott v. J. Anthony Cambece Law Office,
P.C., 600 F. Supp. 2d479 (E.D.N.Y. 2009). The
complaint stated an FDCPA claim against the defendant
law firm for collecting debts without a debt collection
license as required by the applicable New
York City municipal code, since the code does not
contain a per se exemption for attorneys as the defendant
argued.

# Validation of Debts, 15 U.S.C. § 1692g Least Sophisticated Consumer and Other General Standards.

Ellis v. Solomon and Solomon, P.C., 591
F.3d 130 (2nd Cir. Jan. 13, 2010). Described and
applied the least sophisticated consumer analysis.
Rosamilia v. ACB Receivables Mgmt., Inc.,
2009 WL 1085507 (D.N.J. Apr. 22, 2009). Because
the FDCPA is a strict liability statute, a debt collector
violates the act by failing to provide a proper validation
notice, even if there was little or no harm to the
consumer.

Durham v. Continental Cent. Credit, 2009
WL 3416114 (S.D. Cal. Oct. 20, 2009). A second
collection letter, which did not reiterate the consumer's
right to dispute the debt, sent within the
thirty-day validation period demanding immediate
payment, violated § 1692g.
Ellis v. Solomon & Solomon, P.C., 599 F.
Supp. 2d 298, (D. Conn. Feb. 23, 2009). Where a
consumer was served with a summons and complaint
in a collection action against her by the debt collector
within the thirty-day validation period, but with no
accompanying communication assuring her that the
validation period and rights remain in force and are
not affected by service of the lawsuit, the earlier validation

notice of her consumer rights was overshadowed
in violation of the FDCPA.
Gilmore v. Account, Mgmt., Inc

Gilmore v. Account, Mgmt., Inc., 2009 WL
2848278 (N.D. Ga. Apr. 27, 2009). Court held plaintiff
had sufficiently pleaded a violation of § 1692g(a)
when defendant's second collection letter overshadowed
the required notice of the thirty-day period for
disputing the debt in the previously sent letter because
it demanded full payment of the debt on a date
before the thirty-day period for disputing the debt
concluded.

American Mgmt. Consultant, L.L.C. v.
Carter, 915 N.E.2d 411 (Ill. App. Ct. 2009). FDCPA
applied to forcible entry and detainer action that also
sought back rent. Notice posted on door did not comply
with § 1692g.

Campbell v. Hall, 624 F. Supp. 2d 991 (N.D.
Ind. 2009). The court sided with the Ninth Circuit in
Camacho and rejected the Third Circuit in Graziano
and held that the defendant's initial dunning letters
violated "§ 1692g(a)(3) insofar as they state that disputes
regarding the validity of a debt must be made in
writing."

writing."
Nero v. Law Office of Sam Streeter,
P.L.L. C., [rule] F. Supp. 2d [rule], 2009 WL 2981973
(E.D.N.Y. Sept. 10, 2009). The validation notice
clearly omitted an important term--that the consumer
must inform the debt collector in writing to be entitled
to verification of the debt. It makes no difference
whether defendant would have honored an oral
request.
Hernandez v. Downey Say. & Loan Ass 'n,
F.A., 2009 WL 667406 (N.D. Cal. Mar. 13, 2009).
24
The consumers failed to state a claim for relief for the
defendants' violation of § 1692g(b), since they did
"not allege any facts demonstrating that Defendants
continued their efforts to collect the debt" following
receipt of the consumer's verification request.

Maxwell v. Barney, 2009 WL 1707959 (D. Utah June 17, 2009). Collector's providing ambulance trip ticket to plaintiff in response to her request to validate her debt did not violate FDCPA.

# Proper Debt Validation Rights Notice

Proper Debt Validation Rights Notice
Basinger-Lopez v. Tracy Paul & Associates, 2009 WL 1948832 (N.D. Cal. July 6, 2009). Default judgment entered on well pleaded facts showing that the defendants failed to provide a § 1692g notice.
Campbell v. Hall, 624 F. Supp. 2d 991 (N.D.

Cappetta v. GC Services, Ltd. P 'ship, 654 F. Supp. 2d 453 (E.D. Va. 2009). Plaintiff's allegation that the defendant "failed to give initial notice, as required by § 1692g, that she had a right to validate the debt" stated a claim for relief.
Harris v. NCO Fin. Sys., 2009 WL 497409

Harris v. NCO Fin. Sys., 2009 WL 497409 (E.D. Pa. Feb. 26, 2009). Because genuine issues of fact existed as to (1) whether a validation notice was given as required by § 1692g and (2) whether plaintiff disputed the debt as set forth in that section-- obligating the debt collector to submit evidence of the origin and validity of the debt--summary judgment was denied.

Rosamilia v. ACB Receivables Mgmt., Inc., 2009 WL 1085507 (D.N.J. Apr. 22, 2009). Cessation of communications by the debt collector after it received a request for validation does not relieve it from the requirement to provide a proper validation notice pursuant § 1692g. Because the FDCPA is a strict liability statute, a debt collector violates the act by failing to provide a proper validation notice, even if there was little or no harm to the consumer.

Sanz v. Fernandez, 633 F. Supp. 2d 1356 (S.D. Fla. 2009). Allegations that the defendants were debt collectors who failed to make §§ 1692e(11) and 1692g(a) disclosures stated a claim for relief.
Welker v. Law Office of Horwitz, 626 F. Supp. 2d 1068 (S.D. Cal. 2009). Letter did not comply

20

with § 1692g(a)(4) and g(a)(5) because it did not
inform plaintiffs that their entitlement to verification
of the debt under § I692(a)(4), as well as their right
to the name and address of the original creditor under
§ 1692g(a)(5), was contingent on the submission of
their disputes in writing.

Hepsen v. IC. Christensen & Associates,
Inc., 2009 WL 3064865 (M.D. Fla. Sept. 22, 2009).
A dunning letter must state the exact and correct
amount of the debt in order to comply with §
1692g(a)(1). Defendant overstated the amount of the
debt, when compared with a later letter from the debt
collector.

Welker v. Law Office of Horwitz, 626 F.
Supp. 2d 1068 (S.D. Cal. 2009). Letter did not adequately
disclose the amount of the debt within §
1692g where it disclosed the outstanding balance but
asked for additional unspecified interest and costs.

# Ceasing Collection of Unverified Debt.

Ford Motor Credit Co. v. Dunham, 2009
WL 4981913 (La. Dec. 23, 2009) (unpublished). The
court stated that Ford Motor Credit Co. was obligated
on the basis of § 1692g to stop collection efforts and
investigate the consumer's dispute that her signature
was forged on the underlying sales contract, without
noting that the FDCPA was inapplicable to a creditor
as here and oblivious to the requirement that the §
1692g duty was limited to disputes submitted within
the 30-day verification window.

Campbell v. Hall, 624 F. Supp. 2d 991 (N.D.
Ind. 2009). The defendant complied with § 1692g(b)
by ceasing all collection efforts and further communication
"once Defendant was notified by [the consumer]
that the debt was disputed because it had been
discharged in bankruptcy."

Gilmore v. Account, Mgmt., Inc., 2009 WL
2848278 (N.D. Ga. Apr. 27, 2009). Continuation of

collection efforts after plaintiff disputed the validity
of the debt and sought verification violated §
1692g(b).

Other Verification Issues
Kaniewski v. Nat'l. Action Fin. Set-vs., 2009
WL 5166209 (E.D.Mich. Dec. 17, 2009). One who
knows that he is not alleged to owe the debt is not a
"consumer" and does not have standing to bring
claims under §§1692e and g, but does have standing
as "any person" to bring claims pursuant to § 1692d.

Harris v. NCO Fin. Sys., 2009 WL 497409
(F.D. Pa. Feb. 26, 2009). Because a genuine issue of
fact existed as to (1) whether a validation notice was
given as required by § 1692g and (2) whether plaintiff
disputed the debt as set forth in that section--
obligating the debt collector to submit evidence of
the origin and validity of the debt--summary judgment
was denied.

Weber v. Computer Credit, Inc., 259 F.R.D.
33 (E.D.N.Y. 2009). The thirty day validation period
is not a grace period, and, unless the debt is disputed,
the debt collector may demand immediate payment
and continue collection activity.

# Miscellaneous

Pollock v. Bay Area Credit Serv., L.L.C.,
2009 WL 2475167 (S.D. Fla. Aug. 13, 2009). A single
violation subjects the collector to liability.
vague to establish that Plaintiff suffered significant
emotional harm . . . ." "While Plaintiffs declaration
shows that she understandably suffered general anxiety
resulting from Defendant's conduct, the law requires
a more specific and substantial showing before
emotional damages may be awarded."
Berry v. Nat'l Fin. Sys., Inc., 2009

# Exhibit [2] Fraud On the Court; Perjury.

## A Serious Penalty for Perjury
**by Kyle D. Pence and William H. Stolberg**

Page 50

This article was planned and drafted well before the national focus on perjury involving the President of the United States, so its timeliness is just by chance. Regardless of how this matter is handled by the highest echelons of the federal government, Florida courts already have the tools to deal severely with perjury in civil litigation. The recent case of *Cox v. Burke,* 706 So. 2d 43 (Fla. 5th DCA 1998) is an illustration of the severity of the potential remedies.

In *Cox,* the trial court invoked a remedy for perjury apparently long known to the personal injury bar, and one which should be used in all areas of litigation—that is, dismissal of the perjurer's claim with prejudice. The Fifth District in *Cox* began by articulating the public policy supporting the dismissal: "The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way."[1]

The trial court had dismissed the plaintiff's legal malpractice case due to fraud (perjury) perpetrated by the plaintiff during discovery. Ms. Cox had made false statements under oath regarding her name, driver license details, Social Security number, and prior injuries. The dismissal was upheld on appeal because of the pervasiveness of the fraud which was characterized by the *Cox* court as "calculated to evade or stymy discovery on issues central to the case."[2]

*Cox* is in accord with substantial additional authority, including the recent cases of *Kornblum v. Schneider,* 609 So. 2d 139 (Fla. 4th DCA 1992), and *Savino v. Florida Drive In Theatre Management, Inc.,* 697 So. 2d 1011 (Fla. 4th DCA 1997). In *Savino,* the Fourth District's ruling echoed *Cox:* "Appellant lied about matters which went to the heart of his claim on damages. These repeated fabrications undermine the integrity of his entire action. We believe that the trial court has a right and obligation to deter fraudulent claims from proceeding in court."

A trial court has the inherent authority to dismiss an action when a party has perpetrated a fraud on the court,[3] and there are, of course, other remedies besides dismissal. Perjury is, after all, a crime and the court may send the record to the state attorney for investigation. Alternatively, the trial court may strike testimony or pleadings, or hold the perjurer in contempt.[4]

The analysis for a trial court dealing with perjury is to determine how pervasive, extreme, and material the perjury is and to determine whether the extraordinary measure of dismissal is justified.[5] The *degree* of misconduct needed to support dismissal is high. It has been defined as perjurious conduct, so repeated or egregious as to corrupt and compromise the process to the point that the court is prejudiced in its ability to impartially adjudicate the claim.[6] Appellate opinions dealing with this issue speak of "aggravated situations"[7]; "repeated lies"[8]; "serious misconduct"[9]; "egregious misconduct"[10]; and fraud "permeating the entire proceeding."[11]

A second consideration in determining whether dismissal is justified is whether the perjury is *material* to

the resolution of an ultimate claim, or only goes to a collateral or tangential matter.[12] Where the fraud or other misconduct pertains only to a portion of a claim, dismissal of the unaffected claim may be too severe a sanction.[13] For example, in the case of *Parham v. Kohler*, 134 So. 2d 274 (Fla. 3d DCA 1961), the personal injury plaintiff lied about the existence of a marriage in order to create a consortium claim for the putative husband. The *Parham* court held that the perjury was material only to the consortium claim, that only the consortium claim should have been dismissed, and suggested less severe sanctions than dismissal of the entire case. This definition and division of issues and claims may be possible in marital cases in which separate and distinct claims are at issue, such as child custody and financial issues. Family law judgments, however, are hydraulic models of interrelated financial matters in which alimony, child support, equitable distribution, attorneys' fees, custodial arrangements, and other issues are inextricably intertwined and balanced.

In any case, the materiality of the perjury may not always be a determinative factor in imposing the ultimate sanction of dismissal. In *O'Vahey v. Miller*, 644 So. 2d 550 (Fla. 3d DCA 1994), the false statements did not directly touch on the cause of action, but dismissal was still warranted when there was "serious misconduct" consisting of repeated lies uncovered only by "assiduous effort" on the part of the opposing side.

A troublesome and related issue, particularly in family law cases, is defining the line between inaccuracy, sloppiness, persuasive interpretation of financial information, and outright false statements. The standard of proof is high as *Cox* holds that there must be clear and convincing evidence of a calculated, unconscionable scheme of deception prior to imposing the sanction of dismissal. Other cases have required simply a *clear* showing of fraud, pretense, or collusion.[14]

The standard of review for the imposition of sanctions generally, including dismissal, is an abuse of discretion standard.[15] Because of the severity of the sanction, the judiciary is admonished to "carefully adhere to established due process, adversarial practice, and evidentiary rules in conducting an inquiry into such charges."[16]

Dissolution of marriage cases are particularly appropriate settings for the sanction of dismissal, or the striking of certain claims or defenses, for perjury. Lawyers, judges, and even clients become inured to half-truths, misrepresentations, and deceptive omissions to the point at which they jadedly anticipate that a fair portion of the factual presentation will be, if not outright fabrication, at least deceitful to some degree. Judges are prone to view financial affidavits with justifiable skepticism. Nonetheless, family law courts have long emphasized the importance of truthfulness in financial affidavits, and have been quite clear about the seriousness with which they expect the affidavit to be taken. Parties have an affirmative duty to submit accurate financial affidavits, and the courts have an "absolute right" to rely on the truthfulness of the information contained therein.[17] Moreover, if a judgment is predicated on false financial statements encompassed in an affidavit, there is a statutory ground for setting aside the final judgment.[18]

Can trial courts be persuaded to use the Draconian remedy of total dismissal in the area of discovery? Perhaps. Generally, the cases supporting the striking of pleadings for discovery violations involve repeated egregious misconduct, and even then, the courts are most reluctant to impose the ultimate sanction of dismissal. However, there is substantial authority for such a move. For example, in *Mercer v. Raine*, 443 So. 2d 944 (Fla. 1984), the Florida Supreme Court held that the striking of pleadings or entry of a default judgment were appropriate sanctions when discovery violations were accompanied by "deliberate and contumacious disregard of the court's authority," "bad faith, wilful disregard . . . gross indifference," or "conduct which evinces deliberate callousness."[19] At some point, noncooperation and nondisclosure cross the line into deception and falsity which destroy the integrity of the judicial system, and the claimant forfeits his or her right to proceed.

Dismissal in the discovery process has even been supported in the absence of a prior order compelling the discovery. In *Fearns v. Fearns*, 336 So. 2d 1263 (Fla. 4th DCA 1976), the trial court struck the wife's pleadings when she failed to answer interrogatories, although no prior order compelling her to answer had been entered, and the Fourth District affirmed. Judge Downey noted in his concurring opinion that

such a sanction, extreme though it might be, was fully authorized by Florida Rule of Civil Procedure 1.380(d).[20] This case is somewhat aberrational, but is very sobering authority when cited in a motion to compel.

In summary, the courts take with great seriousness misrepresentations of fact, whether in trial or deposition testimony, or in financial or other affidavits, and the practitioner encountering egregious deceptive and obstructionist behavior by the opponent should file a motion to strike and dismiss the entire case with prejudice, even in the early stages of litigation. At worst, future statements and disclosures will be made with more sobering attention to truth, and at best, the dishonest litigant who should not be entitled to use the court system will be shown the door. q

[1] *Cox v. Burke,* 706 So. 2d 43, 47 (Fla. 5th D.C.A. 1998).
[2] *Id.*
[3] *Kornblum v. Schneider,* 601 So. 2d 139 (Fla. 4th D.C.A. 1992).
[4] *See Parham v. Kohler,* 134 So. 2d 274 (Fla. 3d D.C.A. 1961), in which these actions were suggested in lieu of the ultimate sanction of dismissal.
[5] *Cox,* 706 So. 2d 43.
[6] *Savino v. Florida Drive In Theatre Management, Inc.,* 637 So. 2d 1011 (Fla. 4th D.C.A. 1997).
[7] *Johnson v. Landmark First National Bank,* 415 So. 2d 161 (Fla. 4th D.C.A. 1982).
[8] *O'Vahey v. Miller,* 644 So. 2d 550 (Fla. 3d D.C.A. 1994), *review denied,* 654 So. 2d 919 (Fla. 1995).
[9] *Mendez v. Blanco,* 665 So. 2d 1149 (Fla. 3d D.C.A. 1996).
[10] *Cox,* 706 So. 2d 43.
[11] *Savino,* 637 So. 2d 1011.
[12] Within the context of criminal perjury, a material matter is broadly defined as any subject with the potential to affect the course or outcome of the proceeding. Fla. Stat. §837.02(1)(1997). *See also Soller v. State,* 666 So. 2d 992 (Fla. 5th D.C.A. 1996). The elements of perjury are the making of a false statement, which the maker does not believe to be true, under oath, in regard to any material matter. *See* Fla. Stat. §§837.012, 837.02 (1997).
[13] *Kornblum,* 601 So. 2d 139.
[14] *Young v. Curgili,* 358 So. 2d 58 (Fla. 3d D.C.A. 1978); *Tri Star Investments, Inc. v. Miele,* 407 So. 2d 292 (Fla. 2d D.C.A. 1981).
[15] *Mercer v. Raine,* 443 So. 2d 944 (Fla. 1983).
[16] *Miele,* 407 So. 2d 292; *Bird v. Hardrives of Delray, Inc.,* 644 So. 2d 89 (Fla. 4th D.C.A. 1994).
[17] *Yohanan v. deClaire,* 421 So. 2d 551 (Fla. 4th D.C.A. 1982), *quashed on other grounds sub nom. DeClaire v. Yohanan,* 453 So. 2d 375 (Fla. 1984); *Weinstein v. Weinstein,* 447 So. 2d 309 (Fla. 4th D.C.A. 1984).
[18] Fla. R. Civ. P. 1.540 (1992) (eliminates the one-year statute of limitations for setting aside a final judgment based on fraudulent financial affidavits in marital cases; subsequently adopted as part of Florida Family Law Rule of Procedure 12.540.)
[19] *Mercer,* 443 So. 2d at 946; *Commonwealth Savings & Loan Assoc. v. Tubero,* 569 So. 2d 1271 (Fla. 1990), *rehearing denied* (reaffirming *Mercer). See also Ferrante v. Waters,* 383 So. 2d 749 (Fla. 4th D.C.A. 1980); and *Cem-A-Care of Florida, Inc. v. Automated Planning Systems, Inc.,* 442 So. 2d 1048 (Fla. 4th D.C.A. 1983).
[20] *Fearns v. Fearns,* 336 So. 2d 1263 (Fla. 4th D.C.A. 1976). *See also Figgie International, Inc. v. Alderman,* 698 So. 2d 563 (Fla. 3d D.C.A. 1997) (entry of default judgment warranted even where no order violated, where defendant in personal injury action intentionally destroyed relevant discovery documents); *but see Neal v. Neal,* 636 So. 2d 810 (Fla. 1st D.C.A. 1994) (dismissal inappropriate where disputed issues of fact regarding willfulness of party in failing to produce records existed).

**William H. Stolberg** is a partner in the Ft. Lauderdale firm of Stolberg and Pence. He practices solely in the area of family law. Mr. Stolberg is board certified in marital and family law and is a member of the American Academy of Matrimonial Lawyers and of the Family Law Section of the Broward County Bar Association. He received his B.S. from Cornell University in 1968 and his J.D. from the University of Florida College of Law in 1973.

**Kyle D. Pence** is a partner in the law firm of Stolberg and Pence, Ft. Lauderdale. He practices solely in the area of family law. Mr. Pence is board certified in marital and family law. He received his B.A. from Northwestern University in 1975 and his J.D. from Nova University in 1986. Mr. Pence is vice chair of the Family Law Section of the Broward County Bar Association.
This column is submitted on behalf of the Family Law Section, Jane L. Estreicher, chair, and Sharon O. Taylor, editor