UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

ANTHONY THARPE,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC

    Defendant.

_____/

CASE NO.: 13-14379-CV-Graham/Lynch

FILED by _____ D.C.

JUN 0 5 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P.26(a).

Pursuant to Court Order of Reference for Settlement Conference (D.E.49], the Plaintiff, hereby Submit His initial Disclosure Pursuant to Fed.R.Civ. P. 26(a), and states:

### Rule 26(a)(1)(A)(i)

This Complaint is about the violation of the FDCPA by Nationstar Mortgage LLC. Nationstar Mortgage LLC has attempted to collect a debt from the Plaintiff which is not known or owed by the Plaintiff. The Plaintiff does not have a credit agreement or a debt liability to Nationstar Mortgage LLC. The Plaintiff does not have any information, nor does the Plaintiff have any information about any persons who may know of the origin of this alleged disputed debt. The Debt is disputed and the FDCPA has been violated by Nationstar; and the Plaintiff has not received any validation of the debt from Nationstar Mortgage LLC. The Plaintiff will rely on the individuals or institutions and it agents listed by the Defendant in its Rule(a)(1)(A)(i) initial Disclosure of individuals who Defendant alleges may have Discoverable information and the subject(s) of the said information detailed in Defendant's initial Disclosure.

Plaintiff is however confident that individuals listed on Defendants list could not have any discoverable information about the debt the Defendant has attempted to collect from the

2

Plaintiff and the Debt Since these individuals did not witness Plaintiff endorsing any credit or loan agreements between any of these Individuals , corporations and or financial institutions listed in Defendant's initial Disclosure. Neither do they have or possess in their custody legitimate documents related to the alleged disputed Debt.

The Following individuals or Institutions do have information and documentation as well as can Confirm that the Plaintiff was not in the U.S.A or the State of Florida at the time the Defendant is alleging that the Plaintiff signed documents related to the alleged debt. They Include;

1. U.S. Department of Homeland Security;
   Fort Lauderdale Hollywood International Airport.
   Florida.

2. The Jamaica Immigration and Custom Services,
   Sangster International Airport, Montego Bay, Jamaican W.I.

3. Sherrif/PMCPHETERS,
   Reporting Officer ID:-3072- Voegtlin Hadden
   Indian River County Sherriff Department.
   4055- 41 ST AV,
   Vero Beach FL.32960
   Indian River County,

4. Officer ; C. Martin,
   Indian River County Sherriff Department.
   4055- 41 ST AV,
   Vero Beach FL.32960
   Indian River County.

5. Detective Donald R. Hart # 36991
   Indian River County Sherriff's Department.
   Criminal Investigations,
   4055- 41 ST AV,
   Vero Beach FL.32960
   Indian River County,

6. Detective Sergeant Thomas Raulen,# 4220.
   Indian River County Sherriff's Department.
   Criminal Investigations,
   4055- 41 ST AV,
   Vero Beach FL.32960
   Indian River County,

### Rule 26(a)(1)(A)(ii)

Copies of all Documents, electronically stored information, and tangible things that Plaintiff has in his possession, custody and control, and will be used to support his claim or defenses, either have been previously produced or are more particularly described below:-

1. Passport endorsed with Homeland Reentry immigration Stamp/seal.

2. Passport endorsed with Jamaican Immigration entry Stamp.

3. Indian River Country Sherriff's investigative Report and statements.

4. Plaintiff's Medical Reports

5. All relevant documents filed or that may be filed at a later date by Defendant including but not limited to It's Rule 26(a)(1)(A)(ii); including but not limited to Items 1-34 of said subsection.

### Rule 26(a)(1)(A)(iii)

The Total Amount of damages Claimed by the Plaintiff is undetermined at this time. Any Calculation of damages will require disclosure or financial information from the Defendant, it agents and may involve expert analysis. The Plaintiff reserves the right to supplement this response as Discovery progresses. The Plaintiff however intends to seek damages for mental and emotional distress; general damages and Punitive from the Jury / Court.

3

### Rule 26(a)(1)(A)(iv)

The Plaintiff does not carry any insurance coverage relevant to Rule 26(a)(1)(A)(iv).

### Rule 26(a)(1)(A)(v)

The Plaintiff has not retained any expert witnesses at this time.

**I Hereby Certify** that a copy of the forgoing disclosure was filed with the United States District Court on June 5th 2015. A copy of the foregoing has been delivered by U.S. Mail to council on record on June 5th 2015; Steven Ellison; Broad and Cassel; One North Clematis St; Suite 500, West Palm Beach Florida 33401; telephone(561) 832-3300;

Respectfully submitted,

_____
Anthony Tharpe


### ADDRESS FOR SERVICE TO PLAINTIFF

Anthony Tharpe;
P.O. Box 700840; Wabasso FL 32970.
561.222.1669