# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 18, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-13153-AA
Case Style: Anthony Tharpe v. Nationstar Mortgage LLC
District Court Docket No: 2:13-cv-14379-DLG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 15-13153

_____

District Court Docket No.
2:13-cv-14379-DLG

ANTHONY THARPE,

                            Plaintiff - Appellant,

versus

NATIONSTAR MORTGAGE LLC,

                            Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 20, 2016
For the Court: AMY C. NERENBERG, Acting Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 02/18/2016**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13153
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14379-DLG

ANTHONY THARPE,

                                                    Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE LLC,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

      Anthony Tharpe, proceeding pro se, alleges that Nationstar Mortgage violated the Fair Debt Collection Practices Act (FDCPA) through a series of

communications about a mortgage bearing his name.  The district court dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6).  It construed the complaint to allege that Nationstar's only communication with Tharpe that violated the FDCPA was its filing of the foreclosure action.  The court held that, construed in that manner, the complaint failed to state a claim for which relief could be granted because the FDCPA covers only debt collection activity and "[a] foreclosure action does not count as debt collection activity for FDCPA purposes."  Tharpe appeals that judgment.

Our decision in Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211 (11th Cir. 2012), makes two points that are significant for this appeal.  First, Reese noted that none of our published precedents decide the question on which the district court in this case rested its holding: "whether enforcing a security interest is itself debt-collection activity covered by the [FDCPA]."  Id. at 1218 n.3.[1]  Second, Reese held that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest."  Id. at 1218.  That means, regardless of whether Nationstar was otherwise attempting to foreclose on the mortgage bearing Tharpe's name, if it also

---

[1] Other federal courts of appeals have issued published decisions on this issue that reach the opposite conclusion from the one the district court reached here.  See, e.g., Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 455 (6th Cir. 2013) (holding "that mortgage foreclosure is debt collection under the [FDCPA]."); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) (rejecting argument "that foreclosure by a trustee under a deed of trust is not the enforcement of an obligation to pay money or a 'debt'" for purposes of the FDCPA).

communicated with him in order to collect from him on the underlying debt, that communication is subject to the FDCPA.

The question, then, is whether Tharpe's complaint sufficiently alleges that in addition to acting to foreclose on his property Nationstar communicated with him in an attempt to collect on the note.  We think that it does given that Tharpe is pro se and we liberally construe pro se complaints.  See Saunders v. Duke, 766 F.3d 1262, 1266 (11th Cir. 2014).  Liberally construed, Tharpe's complaint alleges more than that Nationstar undertook to foreclose on his property.  It also alleges that "Nationstar and its predecessors" have been attempting to collect from him on the underlying note "for the last 7 years," including at times when Nationstar was not pursuing foreclosure.  The allegations in the complaint thus extend beyond the foreclosure action, necessarily implying communications about collecting on the underlying debt.  That, along with the fact Tharpe has plausibly alleged Nationstar is a "debt collector" of the sort covered by the FDCPA,[2] makes this case analogous to Reese.  Nationstar's motion to dismiss should have been denied.

In reaching this conclusion, we leave unanswered whether foreclosing on mortgaged property is, by itself, debt collection activity within the scope of the

---

[2] Nationstar contends that Tharpe's allegations that it is a "debt collector" are vague and conclusory.  They are not.  Tharpe has alleged that Nationstar's business involves the regular collection of thousands of debts from thousands of consumers.  That allegation, if true, would support a finding that Nationstar is a "debt collector" within the scope of the FDCPA.  See 15 U.S.C. § 1692(6).

3

FDCPA.³ All that we decide today is that Tharpe's complaint states a claim under the FDCPA because, liberally construed, it fits within the parameters staked out in Reese.

**REVERSED and REMANDED.**

---

³ The district court repeatedly referred to the "general rule" from Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458 (11th Cir. 2009), and Dunavant v. Sirote & Permutt, PC, 603 F. App'x 737 (11th Cir. 2015), that a "foreclosure action does not count as debt collection activity for FDCPA purposes."  Warren and Dunavant are unpublished panel decisions, so any "general rules" derived from them are not binding.  See 11th Cir. R. 36-2.